UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEVERSTAL DEARBORN, LLC,

        Plaintiff,                                     Case Number 13-13306

v.                                                   Honorable David M. Lawson

CLIFFS SALES COMPANY, THE
CLEVELAND-CLIFFS IRON COMPANY, and
CLIFFS MINING COMPANY,

        Defendants.
_____/

## ORDER DENYING APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL AND STRIKING IMPROPER FILINGS

On August 1, 2013, the plaintiff filed its complaint in this matter and an application for leave to file certain documents under seal. The plaintiff also filed exhibits to its motion for a temporary restraining order and an unredacted version of its motion under seal, without awaiting the Court's disposition of its application for leave to file those items under seal. The complaint seeks injunctive relief that stems from a pricing dispute between the plaintiff and the defendants under a contract to furnish certain raw materials in the production of steel. The plaintiff's application for leave to file items under seal asserts only that certain terms of the contract are "confidential." The plaintiff cites no legal authority that either permits or requires the Court to maintain the proposed filings under seal. The Court therefore will strike the items that the plaintiff has filed under seal in violation of the local rules and without leave of the Court.

It is well established that this Court, as every other federal court, "has supervisory power over its own records and files." *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978). This authority includes fashioning protective orders that limit access to certain court documents. *See* Fed. R. Civ. P. 26(c). But the district court's power to seal records is subject to the "long-established

legal tradition" of open access to court documents. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983). As the court of appeals explained in *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983), there is a "presumptive right" of public access to court records that permits inspection and copying.

> The recognition of this right of access goes back to the Nineteenth Century, when, in *Ex Parte Drawbraugh*, 2 App. D.C. 404 (1894), the D.C. Circuit stated: "Any attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access."

*Id.* at 474 (citations omitted).

There is a strong public policy in favor of public access to judicial proceedings. *See, e.g., E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *see also In re Perrigo Co.*, 128 F.3d 430, 446 (6th Cir. 1997) (Moore, J., concurring in part and dissenting in part) (declaring that "[s]ealing court records . . . is a drastic step, and only the most compelling reasons should ever justify non-disclosure of judicial records"). Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co., Inc.*, 723 F.2d at 476. Courts have been permitted to seal documents that could be "used to gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details of a divorce case," contain "reservoirs of libelous statements for press consumption," or contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.2006).

In exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon*, 435 U.S. at 599 (court must consider "relevant facts and circumstances of the particular case"); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. 1981); *see also Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (court has a duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests."). But as noted above, "there is a strong presumption that court files will be open to the public," which may be overcome only "where a party's interest in privacy . . . outweigh[s] the public interest in disclosure." *Smith v. SEC*, 129 F.3d 356, 359 n.1 (6th Cir. 1997).

The plaintiff's complaint and application do not address the factors that the Court must balance in deciding whether to permit the sealing of any filing. In this district, that balance of relevant factors is guided by Local Rule 5.3(b), which states: "Except as provided by statute or rule, documents . . . or other items may be sealed in a civil case only by court order." E.D. Mich. LR 5.3(b)(1). A motion to authorize sealing must:

> (i) state the authority for sealing;
> (ii) include an identification and description of each item proposed for sealing;
> (iii) state the reason that sealing each item is necessary;
> (iv) state the reason that a means other than sealing is not available or satisfactory to preserve the interest advanced by the movant in support of the seal; and
> (v) have a supporting brief.

E.D. Mich. LR 5.3(b)(2)(A). This is the procedure that parties must follow and the standard that a party must meet when seeking to file any document under seal. The plaintiff's application does not address the legal authority for sealing the documents in question, it does not state the reason that

sealing is necessary (other than in its conclusory allegation that the items are "confidential"), and it does not state the reason that a means other than sealing is not available or sufficient to preserve the interests advanced by the plaintiff in support of sealing. Moreover, under the local rules of this Court, "[a] party . . . may not file or tender to the clerk an item proposed for sealing . . . unless the court enters an order permitting sealing." E.D. Mich. LR 5.3(b)(1).

The plaintiff also filed a proposed order as an exhibit to its application for leave to file documents under seal. It is inappropriate to file a proposed order as part of any docketed pleading. "Proposed orders must be submitted to the judge to whom the case is assigned . . . via the link located under the Utilities section of CM/ECF." E.D. Mich. Electronic Filing Policies and Procedures R11(a). If a proposed order is accepted, the Court then will docket it with the Judge's electronic signature. "Proposed" orders should never be e-filed and docketed by a party. The Court therefore will strike the exhibit to the plaintiff's application for failure to comply with the electronic filing policies and procedures.

Accordingly, it is **ORDERED** that the plaintiff's application for leave to file documents under seal [dkt. #5] is **DENIED**.

It is further **ORDERED** that the plaintiff's exhibits and unredacted motion filed under seal [dkt. #7, 8] are **STRICKEN**.

It is further **ORDERED** that Exhibit 1 to the plaintiff's application for leave to file documents under seal [ECF Doc. #5-1] is **STRICKEN**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: August 5, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 5, 2013.

s/Shawntel Jackson<br>
SHAWNTEL JACKSON